UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHROMA H. LANG,

           Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

           Defendant.

CASE NO. 3:16-cv-05189 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkts. 14, 15, 16).

After considering and reviewing the record, the Court concludes the ALJ erred by providing erroneous information regarding plaintiff's prior work history to the testifying medical expert, causing the medical expert to change his testimony regarding plaintiff's

ORDER ON PLAINTIFF'S COMPLAINT - 1

ability to perform one-step tasks. The ALJ then erred by relying upon the medical expert's testimony—which was based, in part, upon incorrect information—to formulate the residual functional capacity ("RFC") and reject other doctors' medical opinions. The ALJ also erred by failing to properly consider or incorporate into the RFC all of Dr. Eugene Kester's opined limitations, despite affording the doctor's opinion "great weight." Had the ALJ properly relied upon the medical expert's testimony, or considered all of Dr. Kester's opined limitations, the RFC may have included additional limitations. Because these errors are not harmless, this matter is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, SHROMA LANG, was born in 1955 and was 54 years old on the amended alleged date of disability onset of February 25, 2010 (*see* AR. 16, 134-41, 142-48, 532). Plaintiff obtained his GED (AR. 43). Plaintiff has some training and work experience in asbestos abatement (AR. 42). Plaintiff stopped working when the temporary agency did not send him out on any more jobs (AR. 47-49).

According to the ALJ, plaintiff has at least the severe impairments of "anxiety disorder, affective disorder, organic mental disorder, and substance use disorder (alcohol dependence) (20 CFR 404.1520(c) and 416.920(c))" (AR. 458).

At the time of the hearing, plaintiff was spending the nights in a room in a friend's home but before that he had been staying in shelters (AR. 523-24).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 61-64, 68-72, 73-79). Plaintiff's first Administrative Hearing resulted in an unfavorable decision by the Administrative Law Judge (*see* AR. 13-33). The Appeals Council denied review (AR. 1-6) and plaintiff filed a complaint in this Court, which remanded to the Administration for further consideration (*see* AR. 543-45, 546-55). Plaintiff's second requested hearing was held before Administrative Law Judge Robert P. Kingsley ("the ALJ") on February 15, 2015 (*see* AR. 494-542). On July 31, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 452-93).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the ALJ err by misrepresenting plaintiff's past work to the ME at the hearing, causing him to change his testimony about claimant's functional limitations; (2) Did the ALJ err by acting in the role of medical expert, which the ALJ is not qualified to do, by engaging in an independent assessment of the same facts and data used by mental health examiners by picking and choosing what parts of their report to accept and what parts to reject in order to come to a different conclusion; (3) Did the ALJ err by rejecting the observations of Robert Badgley, a social worker, for improper reasons; (4) Did the ALJ err by leaving out functional limitations expressed by state Agency reviewer Eugene Kester, M.D., to whose opinion he assigned great weight but then failed to explain why some of Dr.

Kester's limitations were omitted; (5) Did the ALJ make an improper credibility assessment by the ALJ engaging in a selective reading of the record and which is contrary to the medical evidence as a whole; and (6) Did the ALJ err by failing to incorporate all relevant limitations in the hypothetical question posed to the VE leading to erroneous findings at step 4 and 5 (*see* Dkt. 14, pp. 1-2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) Whether the ALJ erred in providing incorrect information to the medical expert and then improperly relying upon the medical expert's testimony.**

Plaintiff argues that the ALJ misrepresented his past work to the medical expert, Robert McDevitt, M.D, and then erred in applying the testimony in his decision (Dkt. 14, pp. 1, 5-8). Dr. McDevitt testified at the second hearing and opined that plaintiff has moderate difficulties in activities of daily living due to homelessness, moderate difficulties in social functioning, and marked difficulties in concentration and pace based upon Dr. Radcliffe's evaluation (AR. 500-01). Dr. McDevitt opined that plaintiff has a history of learning disorders and that he would "need some degree supervision because of his limited intellectual ability" (AR. 502).

1    Dr. McDevitt also initially testified that plaintiff would be limited to one-step
2 tasks (AR. 502). However, after offering this medical opinion, the ALJ asked "[W]hen
3 you're saying one-step instructions, if you were informed that there was a work history
4 involving semi-skilled work, would that affect your conclusions?" (AR. 503). Dr.
5 McDevitt indicated that such a work history would impact his opinion and, after
6 additional questioning from the ALJ, noted that plaintiff's earned GED and history of
7 working in asbestos abatement also impacted his medical opinion (AR. 504). Based upon
8 the questions from the ALJ, Dr. McDevitt changed his opinion and concluded that
9 plaintiff would not be limited to one-step tasks and that he could perform simple
10 repetitive tasks with no work with the public (AR. 504).
11
12    In his decision, the ALJ noted that he based his decision "in large part on the
13 testimony" of Dr. McDevitt (AR. 471). The ALJ noted that Dr. McDevitt changed his
14 testimony regarding plaintiff's ability to perform one-step tasks "[u]pon learning of the
15 claimant's history of working in asbestos removal and of obtaining a GED" (AR. 471).
16 The ALJ also acknowledged that he incorrectly informed Dr. McDevitt that plaintiff had
17 a history of performing semi-skilled work, but determined that any error was harmless,
18 stating:

> I note that, in introducing that additional history [regarding plaintiff's GED and work history], I asked the medical expert if his opinion would change if he were to learn that the claimant had a history of performing semi-skilled work. I then explained that the claimant had worked in asbestos removal and had obtained a GED. After the medical expert hung up, the vocational expert clarified that the asbestos work is classified as unskilled work. I acknowledge that the alteration in the medical expert's testimony, finding the claimant capable of performing up to 2-step tasks, was based in part on my presenting the asbestos removal job as semi-skilled work, but I

> nevertheless find the claimant to be capable of performing up to 2-step tasks because the vocational expert explained that essentially all jobs require the ability to perform 2 steps. Therefore, while the medical expert might have formed an erroneous impression that the claimant's history included semi-skilled jobs, his history indeed includes jobs involving at least 2 steps.

(AR. 471.)

The Court finds that the ALJ's reliance upon Dr. McDevitt's opinion regarding plaintiff's ability to perform two-step tasks is not legitimate or supported by substantial evidence in light of Dr. McDevitt's testimony at the second hearing. Dr. McDevitt changed his opinion regarding plaintiff's limitation to one-step tasks after erroneously being informed that plaintiff had a history of semi-skilled work (*see* AR. 502-03). Although the ALJ suggests that Dr. McDevitt changed his opinion after being informed that plaintiff earned a GED and worked in asbestos abatement (*see* AR. 471), the record does not support the ALJ's determination on this point because the ALJ first informed Dr. McDevitt that plaintiff had a history of semi-skilled work (*see* AR. 503). The ALJ never clarified for Dr. McDevitt that the asbestos abatement was unskilled work, rather than semi-skilled.

In addition, the record demonstrates that Dr. McDevitt already knew that plaintiff had earned a GED when he opined that plaintiff was limited to one-step tasks. When asked about whether the fact that plaintiff has a GED affected his evaluation, Dr. McDevitt noted that "I did note the GED that he earned in prison. I can't imagine him earning a GED being illiterate" (AR. 504). Thus, given that Dr. McDevitt already was aware of plaintiff's GED when formulating his initial opinion that plaintiff was limited to

one-step tasks, Dr. McDevitt apparently changed his opinion based entirely on the ALJ's questions and erroneous characterization of plaintiff's past work history as semi-skilled.

The Court also finds that the ALJ's error in erroneously informing Dr. McDevitt that plaintiff has a history of semi-skilled work was not harmless. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2011) (citing *Stout v. Comm'r, Social Security Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout*, 454 F.3d at 1055-56). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, the ALJ and defendant suggest that the ALJ's error was harmless because the vocational expert testified that "essentially all jobs require the ability to perform at least 2 steps" (AR. 471; *see also* Dkt. 15, p. 3). However, as noted by plaintiff, this argument is not supported by the record. The vocational expert testified that "[i]f the person were limited to just one-step that would rule out past work" (AR. 538). The

vocational expert also testified that all other work would also be ruled out because "[j]obs even with the lowest reasoning level involve one to two-step tasks. So really any competitive job is going to require at least one, usually two-steps" (AR. 538). Because the ALJ found that plaintiff can perform past relevant work, the ALJ's error in relying upon Dr. McDevitt's testimony was harmful because the vocational expert testified that plaintiff would be precluded from past relevant work if he were limited to one-step tasks (*see* AR. 538, 484). In addition, although the ALJ found that in the alternative plaintiff could perform other jobs existing in the national economy, there is no testimony regarding whether these jobs require one or two-steps (*see* AR. 485). As the ALJ's error in misrepresenting plaintiff's past work affected the ultimate disability determination, the error was not harmless.

**(2)  Whether the ALJ erred in assessing the medical opinion evidence.**

Plaintiff also argues that the ALJ erred in assessing the medical opinion evidence (*see* Dkt. 14, pp. 8-16). Specifically, plaintiff maintains the ALJ erred by cherry-picking several medical opinions, including Dr. Eugene Kester, M.D., Dr. Loren W. McCollom, Ph.D., Dr. Nicole Seymanski, Psy.D., Dr. Brett Copeland, Psy.D., Dr. Rebekah A. Cline, Psy.D., and Dr. Allen W. Ratfcliffe, Ph.D. (*see id.*).

The ALJ is responsible for evaluating a claimant's testimony and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Determining whether or not inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the

opinions of medical experts "falls within this responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999)). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and evaluating a claimant's testimony lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (quoting *Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (citing *Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

      a. Eugene Kester, M.D.

Plaintiff maintains that although the ALJ afforded great weight to the medical opinion of Dr. Kester, plaintiff argues that the ALJ erred by failing to discuss all of the functional limitation opined by Dr. Kester, or otherwise incorporate the limitations into the RFC (Dkt. 14, p. 17). Dr. Kester reviewed a portion of plaintiff's medical records and offered an opinion on December 1, 2010 (AR. 304-06). Dr. Kester opined that plaintiff is moderately limited in his ability to: (1) maintain attention and concentration for extended periods of time; (2) work in coordination with or proximity to others without being distracted by them; (3) complete a normal workday and workweek without interruptions from symptoms and to perform at a consistent pace; (4) accept instructions and respond appropriately to criticisms from a supervisor; (5) respond appropriately to changes in the work setting; (6) set realistic goals or make plans independently (AR. 302-05). Dr. Kester also opined that plaintiff is markedly limited in his ability to (1) understand and remember detailed instructions; (2) carry out detailed instructions; and (3) interact appropriately with the general public (*id.*).

The ALJ gave great weight to Dr. Kester's medical opinion and determined that it was consistent with the medical evidence of record (AR. 482-83). The ALJ afforded great weight to Dr. Kester's determination that the claimant would "require extra time for tasks only when the tasks were 'greater than basic and repetitive'" (AR. 482 citing Dr. Kester's medical opinion). The ALJ also agreed with Dr. Kester's opinion regarding plaintiff's social functioning and ability to work superficially with coworkers and supervisors, as well as Dr. Kester's opinion that plaintiff would adapt slowly to change (AR. 483).

Although the ALJ gave great weight to Dr. Kester's medical opinion, the ALJ did not discuss all of Dr. Kester's medical opinions, nor did the ALJ incorporate the additional limitations into the RFC (*see* AR. 482-83, 462-63). For example, the ALJ did not discuss Dr. Kester's opinion that plaintiff is moderately impaired with respect to his ability to complete work at a consistent pace, nor did the ALJ discuss Dr. Kester's opinion that plaintiff is moderately impaired in his ability to accept criticism from supervisors (*see id.*). The ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (citation omitted). Without an adequate explanation, the Court cannot determine if the ALJ properly considered all the mental limitations included in Dr. Kester's opinion or simply ignored the evidence. *See Flores*, 49 F.3d at 571 (an "ALJ's written decision must state reasons for disregarding significant, probative evidence"); *see also Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) (noting that by selectively scouring a doctor's records "to locate a single treatment note that purportedly undermines her overall assessment of [the claimant's] functional limitations, the ALJ demonstrated a fundamental, but regrettably

all-too-common, misunderstanding of mental illness") (collecting cases) (citations omitted). Accordingly, the ALJ erred in his treatment of Dr. Kester's medical opinion.

### b.  Other Doctors' Opinions

Plaintiff also argues that the ALJ erred in assessing the medical opinions of Dr. Loren W. McCollom, Ph.D., Dr. Nicole Seymanski, Psy.D., Dr. Brett Copeland, Psy.D., Dr. Rebekah A. Cline, Psy.D., and Dr. Allen W. Ratfcliffe, Ph.D (*see* Dkt. 14, pp. 8-16).

Based upon the record as a whole, the Court finds that the ALJ's error in erroneously relying upon Dr. McDevitt's medical opinion finding plaintiff capable of performing two-step tasks necessarily requires reexamination of all of the medical opinions. This is particularly true where, as here, many of the doctors opined that plaintiff was only capable of performing simple tasks and that plaintiff is limited in his ability to maintain adequate pace and perseverance (*see*, *e.g.*, AR. 246, 477-78, 480). Thus, upon remand, the ALJ shall re-evaluate the medical evidence anew.

**(3)    Whether the ALJ erred in assessing plaintiff's subjective complaints?**

Plaintiff also maintains that the ALJ erred in assessing plaintiff's credibility and, that in any event, the ALJ's adverse credibility determination should not have impacted the ALJ's evaluation of the doctors' medical opinions (*see* Dkt. 14, pp. 17-18). The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016

SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter.

### (4) Whether the ALJ erred in assessing the lay witness testimony of social worker Robert Badgley?

Plaintiff also maintains that the ALJ erred in assessing the lay witness testimony of Robert Badgley, a social worker at South Sound Outreach (*see* Dkt. 14, p. 19). Pursuant to the relevant federal regulations, medical opinions from "other medical sources," such as nurse practitioners, therapists and chiropractors, must be considered. *See* 20 C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 WL 2329939. "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224. "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009); *see Stout*, 454 F.3d at 1054 (explaining "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony").

Mr. Badgley completed a third-party function report in February 2010, based upon his experience in assisting plaintiff with completing the disability applications and after spending approximately one to two hours with plaintiff and having only known him for one week (AR. 194-221). Although the ALJ agreed with Mr. Badgley that plaintiff has difficulty understanding and following instructions and with short-term memory, the ALJ

rejected the remainder of Mr. Badgley's opinions because he determined that Mr. Badgley's opinions were based entirely on plaintiff's self-reports (AR. 483).

As this Court determined once before (*see* AR. 554-55), the ALJ's determination that Mr. Badgley's opinions appear to be largely based on plaintiff's subjective reports is a finding based upon substantial evidence in the record as a whole. Given Mr. Badgley's limited interaction with plaintiff, and other than the question about whether Mr. Badgley "noticed any unusual behavior or fears in the disabled person," the remainder of the questions on the function report may have been answered based largely on plaintiff's subjective complaints (AR. 194-201). However, as the Court has already determined that plaintiff's subjective complaints should be evaluated anew following remand, Mr. Badgley's opinion must be evaluated anew as well.

**(5)     Did the ALJ err by failing to incorporate all relevant limitations in the hypothetical question posed to the VE leading to erroneous findings at step 4 and 5?**

Finally, plaintiff argues the ALJ's RFC is flawed, and thus the hypothetical questions posed to the vocational expert were flawed (*see* Dkt. 14, p. 1). As discussed in Section 1, *supra*, had the ALJ properly relied upon Dr. McDevitt's testimony, the RFC may have included additional limitations. Similarly, the hypothetical questions posed to the vocational expert may have been different. Thus, upon remand, the ALJ shall re-evaluate the RFC and Step Five findings, if necessary.

<u>CONCLUSION</u>

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed..

Dated this 22nd day of November, 2016.

J. Richard Creatura
United States Magistrate Judge